IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CINDY M. ROBERTSON, | : | 1:12-cv-367 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

### **May 15, 2012**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Magistrate

Judge Smyser (Doc. 5) filed on April 23, 2012 that recommends the instant action

be dismissed for failure to state a claim upon which relief may be granted.

Magistrate Judge Smyser also recommends that no further leave be granted for

Plaintiff to amend her complaint, inasmuch she has been given a previous

opportunity to do so but failed to file an amended complaint. Objections to the

R&R were due by May 10, 2012, and to date none have been filed. Accordingly,

this matter is ripe for our review. For the reasons that follow, we shall adopt the

1

R&R in its entirety, dismiss the complaint without further leave to amend and close the case.

## I.    STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.   DISCUSSION

On February 27, 2009, Plaintiff Cindy M. Robertson ("Plaintiff" or "Robertson") commenced this action by filing a complaint and an application to

2

proceed *in forma pauperis*. The complaint names the Commonwealth of Pennsylvania and the City of Lebanon as Defendants and concerns Plaintiff's arrest and detention for three hours for purportedly unpaid parking tickets. Magistrate Judge Smyser undertook a preliminary review of the Plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2) and thereafter issued an Order on March 12, 2012 granting the Plaintiff's *in forma pauperis* application and ordering the Plaintiff to file an amended complaint on or before April 9, 2012. (Doc. 4). This Order set forth the deficiencies in the complaint and gave instructions to the Plaintiff as to how to cure the deficiencies. No amended complaint was ever filed. Thus, on April 23, 2012, Magistrate Judge Smyser issued the instant R&R, recommending dismissal of the complaint without further leave to amend.

Specifically, Magistrate Judge Smyser recommends dismissal of this action because the Commonwealth of Pennsylvania is protected by Eleventh Amendment immunity from lawsuits of this type and because the City of Lebanon, which is also named as a Defendant, generally cannot be held liable for the unconstitutional acts of its employees and the Plaintiff has failed to state any facts supporting an inference that a policy, custom or practice of Lebanon City caused a violation of her rights. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). We agree entirely with the Magistrate Judge's analysis on these points.

3

As we have already mentioned, the Plaintiff has not filed objections to this R&R nor has she made any attempt to comply with the Magistrate Judge's directive to file an amended complaint. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.